UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-354-KSF

DENNIS W. JOHNSON                                                                    PLAINTIFF

v.                                           **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                     DEFENDANT

* * * * * * * * *

The plaintiff, Dennis W. Johnson, brought this action pursuant to 42 U.S.C. § 405(g) to

obtain judicial review of an administrative decision of the Commissioner of Social Security denying

his claim for Supplemental Security Income ("SSI") based on disability.  The Court, having reviewed

the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and

decided by the proper legal standards.

**I.     OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security

Act, the regulations provide a five-step sequential evaluation process which the administrative law

judge must follow.  20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*,

127 F.3d 525, 529 (6th Cir. 1997).  The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, he is not
disabled.

(2)     If the claimant is not doing substantial gainful activity, his impairment must
be severe before he can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from
a severe impairment that has lasted or is expected to last for a continuous period of

1

at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)    If the claimant's impairment does not prevent his from doing past relevant work, he is not disabled.

(5)    Even if the claimant's impairment does prevent his from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.*  The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987).  If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work.  If not, he would be deemed disabled. 20 C.F.R. § 404.1520(f).  Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform."  *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence.  *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987).  Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g).  Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve

conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently.  *See Her*, 203 F.3d at 389-90.  However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.    THE ADMINISTRATIVE DECISION

Johnson originally filed an application for SSI on December 16, 2005, claiming disability beginning on June 1, 2004.  The ALJ issued his opinion denying Johnson's claim for SSI benefits on June 27, 2007.  At the time of the ALJ's decision, Johnson was 50 years old. [TR 50] Johnson attended school through the eighth grade and has previous work experience as a service station attendant and construction worker. [TR 20]  He claims that he became disabled from a back injury, numbness in his extremities, a mass on his bowel and problems using his hands. [TR 17]

The ALJ began his analysis at step one of the sequential evaluation process by determining that Johnson has not engaged in any substantial gainful employment since the onset of his alleged impairments.  At step two, the ALJ determined that Johnson had severe impairments of degenerative facet disease of the lumbar spine, post operative/post chemotherapy residuals of colon cancer and substance abuse disorder. [TR 364] Continuing to step three, the ALJ found that none of these impairments meet or medically equal one of the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1.  At step four, the ALJ determined that Johnson's impairment prevents him from doing any past relevant work.

At the fifth step, relying on the testimony of the Vocational Expert and taking into consideration Johnson's age, educational background, past relevant work experience and residual

3

functional capacity ("RFC"), the ALJ found that Johnson was capable of making a successful adjustment to work existing in significant numbers in the national economy and on this basis denied Johnson's claim for SSI. [TR 21] An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability.  20 C.F.R. § 404.154(a)(1), 416.945(a)(1).  In this case, the ALJ found that Johnson had an RFC to perform a range of light work lifting up to 20 pounds occasionally, 10 pounds frequently, sitting/standing/walking for up to 6 hours of an 8-hour day for each activity with a sit/stand option at least every 30 minutes and does not require more than frequent fine and gross manipulations or frequent handling and feeling with either upper extremity.  The work must not have more than occasional climbing ramps and stairs, stooping, bending or kneeling, no climbing of ladders, ropes or scaffolds or crawling.  Johnson must avoid temperature extremes or excessive levels of humidity and moderate exposure to vibration and work involving unprotected heights or hazardous materials.  He can perform no more than simple instructions in object focused work environment. [TR 16]

The ALJ noted that under the Medical-Vocational Guidelines, if Johnson were capable of performing a full range of light work, a finding of "not disabled" would be mandated.  However, because his ability to perform a full range of light work is limited by some exertional limitations, the ALJ relied on the testimony of the Vocational Expert who testified that given Johnson's age, education, past relevant work experience and RFC, Johnson maintains the capacity for light levels. [TR 21] Consequently, the ALJ determined that Johnson was not disabled within the meaning of the Social Security Act. [TR 22]

The ALJ's decision that Johnson is not disabled became the final decision of the

Commissioner when the Appeals Commission subsequently denied his request for review on August 7, 2007.  [TR 4]   This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

On appeal, Johnson argues that the ALJ's decision was not based on substantial evidence because the ALJ erred in rejecting the opinions of Dr. Jackie Maxey, his treating physician, regarding his limitations.  Generally, the ALJ should give controlling weight to a disability opinion by a treating physician if it is well-supported by clinical and laboratory findings and is consistent with other evidence.  The ALJ may consider the length and nature of the treating relationship, the supportability of the opinion, consistency, specialization, and any other factors that may be appropriate.  *See* 20 C.F.R. § 416.927(d)(2)(2007).  The supportability of the opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings.  *See* 20 C.F.R. § 416.927(d)(3)(2007); *see also Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711-712 (6th Cir. 1988).  The Sixth Circuit has held that a treating physician's opinion may be "undercut, to a degree, by the absence of underlying objective findings or corroborative clinical evidence." *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 479 (6th Cir. 1988).

Johnson argues that the ALJ improperly rejected the opinions of his treating physician, Dr. Maxey.  Dr. Maxey completed a Medical Assessment of Ability to Do Work-Related Activities (Physical) on July 24, 2005, which placed the following restrictions on Johnson: lift/carry less than 20 pounds occasionally and 5 pounds frequently, stand/walk a total of 30 minutes in an 8-hour work day, sit a total of 2-3 hours in an 8-hour work day, 30 minutes at a time, never climb, crouch, kneel, crawl or bend, with limitations on reaching, handling, feeling and pushing/pulling and environmental restrictions on heights, moving machinery, temperature extremes, humidity and vibration.

5

The ALJ rejected Dr. Maxey's opinions about Johnson's limitations except to the extent that his assessment was consistent with the range of light work set out by the state agency consultants. The ALJ found that Dr. Maxey's opinions were unsupported by clinical findings of a significant back or leg condition and inconsistent with Johnson's reported activities of daily living.  The record includes a CT head scan performed in 2004 which was "essentially normal" [TR 115] and an echocardiogram which was mostly normal.  [TR 113]  While there was an MRI on record showing mild to moderate abnormalities in Johnson's lumbar spine, there is no evidence that Dr. Maxey relied on that MRI when he completed his assessment and no evidence that the MRI results would support Dr. Maxey's assessment. Further, as the ALJ noted, the limitations imposed by Dr. Maxey are inconsistent with Johnson's reported activities of daily living, including mowing his 3/4 acre yard, picking up the yard, caring for his grandchildren, dogs and chickens and performing housework.

Moreover, Dr. Maxey's opinions are inconsistent with the opinions of Dr. James C. Carter, a state agency medical consultant who examined Johnson on February 24, 2006, and of Dr. James Ramsey, a state agency medical consultant who examined Johnson on May 12, 2006.  Both Dr. Carter and Dr. Ramsey opined that Johnson can do a range of light work and the ALJ's findings are consistent with their opinions. [TR 235-243, TR 226-233]   As the ALJ noted, the state agency consultants' findings are consistent with Johnson's allegations of limitations by Dr. William Walton, Johnson's treating oncologist, of lifting 20 pounds and with the opinions of Dr. Robert C. Hoskins, a consultant, who examined Johnson in February 2006, and Dr. Kevin Eggerman, a psychiatric consultant, who examined Johnson in April 2006.

When there are variances in the opinions of the examiners, it is the duty of the ALJ to resolve these conflicts in evidence and assess the claimant's residual functional capacity.  *See* 416.927(e),

6

416.946. The ALJ must consider not only the medical opinions, but also the other evidence presented. *Id.* Substantial evidence supported the ALJ's rejection of Dr. Maxey's opinion that Johnson cannot perform eight hours of activity per day because there is no objective evidence in the record that would support such a finding and the record contains contrary medical opinions. *See Warner v. Commissioner*, 375 F.3d 387 (6th Cir. 2004) (substantial evidence supported rejection of a treating physician's opinion that a claimant could stand or walk no more than two hours in an eight-hour day where there were contrary medical opinions in the record and there was no evidence of any impairment affecting the lower extremities). Accordingly, in light of the lack of objective medical evidence to support Dr. Maxey's opinions, Johnson's reported activities of daily living and the inconsistencies between the medical opinions, the ALJ did not err by rejecting Dr. Maxey's opinions.

## III.   CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby ORDERS as follows:

(1)    the plaintiff's motion for summary judgment [DE #10] is DENIED;

(2)    the Commissioner's motion for summary judgment [DE # 11] is GRANTED;

(3)    the decision of the Commissioner is AFFIRMED pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4)    a judgment will be entered contemporaneously with this Opinion and Order.

This the 25th day of June, 2008.



**Signed By:**

***Karl S. Forester*** K S F

**United States Senior Judge**

7